# United States District Court
## Eastern District of Missouri

UNITED STATES OF AMERICA
v.

KEITH COSTELLO, III
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 4:05CR00449 CAS (AGF)

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☒ under 18 U.S.C. §924(c).
☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Neither party had any objections to the Pretrial Services Report (PSR) dated August 15, 2005, except Defendant denies that any threats or statements were made at the time of his arrest and further states that he and his girlfriend continue to reside together (although as to the latter point, the PSR does not suggest otherwise). Subject to the foregoing objections, the Court adopts and incorporates the PSR.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ a preponderance of the evidence that ☒ clear and convincing evidence that there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community, for the reasons set forth in the PSR and the reasons stated by the Court at the hearing. Based upon the testimony at the hearing, there is cause to believe that Defendant threatened his girlfriend with a loaded firearm on March 4, 2005 prior to his arrest, that he concealed that firearm in the bedroom of the apartment where he was staying upon the arrival of the police, and that he made further threatening comments to the officers following his arrest. As further set forth in the PSR, Defendant committed the offense of interfering with an officer on November 8, 2004. And following Defendant's release on bond for the state charges arising out of the March 4, 2005 events, which events also serve as the basis for the instant federal charges, Defendant was arrested, on June 28,

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 16, 2005

/s/ Audrey G. Fleissig
*Signature of Judicial Officer*

Audrey G. Fleissig, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*).(b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

DEFENDANT: KEITH COSTELLO, III

CASE NUMBER: 4:05CR00449 CAS (AGF)

## Continued

2005, on new charges including murder 1st degree, robbery 1st degree, armed criminal action, and property damage. Further, Defendant has no substantial work history, no permanent residence, and a history of failing to appear for court, and he is now facing charges that carry a substantial penalty, which could provide an incentive for flight.

Defendant has suggested that he be released on a $10,000 bond, secured by 10%, but the Court finds, for the foregoing reasons, that Defendant has not rebutted the presumption that arises that there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community.

Counsel for Defendant noted at the hearing that she had not yet been able to contact witnesses who could potentially provide testimony relevant to the events of March 4, 2005. In the event Defendant hereafter develops information that could provide a basis to reconsider this Court's order, Defendant may file a motion for reconsideration at that time.